**In re Kenneth B. WOLMER and Mary Ellen Wolmer, Debtors.**

**BARTLETT BANK & TRUST CO., Plaintiff,**

**v.**

**Kenneth B. WOLMER and Mary Ellen Wolmer, Defendants.**

**Bankruptcy No. 84 B 13902.
Adv. No. 85 A 166.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 8, 1986.

Daniel A. Weiler, Elgin, Ill., for plaintiff.

Louis C. Warchol, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEBTOR'S MOTION FOR SUMMARY JUDGMENT

JACK B. SCHMETTERER, Bankruptcy Judge.

Defendants KENNETH B. WOLMER and MARY ELLEN WOLMER ("debtors") moved to Strike and Dismiss the Complaint or alternatively for Summary Judgment on the complaint of BARTLETT BANK & TRUST COMPANY ("Bank"). That Complaint objected to discharge of debtor defendants. For reasons set forth below, that motion is granted.

## PLEADINGS, PENDING MOTION AND UNCONTESTED FACTS

Defendants supported their Motion with an affidavit, but plaintiff filed none. Plaintiff specifically pleaded to the factual allegations of defendant's motion, and admissions therein are taken as judicial admissions. Based thereon and on defendants' affidavit, and on ¶ 10 of the Complaint, the following facts are found not to be in dispute:

On December 15, 1980, debtors assigned their 100% interest in Roselle State Bank & Trust Company Land Trust No. 11108 to Charles B. Wolmer and Idalene Wolmer, brother and sister-in-law of Kenneth B. Wolmer, debtor. The corpus of Land Trust No. 11108 is a single family home located at 505 Jervey Lane, Bartlett, Illinois, which is debtor's residence.

Concurrent with the transaction, debtors and the assignees entered into a lease agreement for the premises commencing on the date of the transaction, December 15, 1980, and expiring on June 30, 1984. Pertinent provisions of the lease were that the rental rate would be $503.52 per month (an amount equal to debtor's monthly mortgage payment to the Bank); debtors agreed to pay all taxes, insurance, assessments, and all expenses directly or indirectly involved for said premises; debtors were allowed to pay the rental directly to the Bank; and debtors were given an option to repurchase the residence by December 31, 1981, at a price of $110,000.

Approximately six weeks later, on January 26, 1981, the Bank was awarded a Judgment by Confession against debtors in the amount of $23,882.32 which was confirmed on October 19, 1981. At a hearing held on December 18, 1981, in response to a Citation to Discover Assets, debtors informed the Bank of the transfer of the residence. As a result of the hearing, copies of the Land Trust Instrument, assignment, and lease were provided to the Bank in January, 1982. Plaintiff contends that other relevant documents were not produced at that time, but no affidavit was filed by Plaintiff. Defendant's uncontroverted affidavit showed the major elements of the 1980 transaction were fully disclosed in the 1981 citation hearing.

Debtors filed their voluntary petition under Chapter 7 of the Bankruptcy Code on November 2, 1984. The petition listed 505 Jervey Lane, Bartlett, Illinois, as their residence; Schedule A-2 listed their personal liability on the mortgage to the Bank and revealed that the residence had been "sold in 1980" for $85,000; and Schedule B-1 listed the leasehold interest on 505 Jervey Lane as an asset. At the § 341 hearing held on December 14, 1984, the substance of the 1980 transaction was revealed in response to questioning on behalf of the Bank.

On February 12, 1985, the Bank timely filed its Complaint herein objecting to debtor's discharge in Bankruptcy asserting that the transfer of the residence was concealed with the intent to hinder, delay and defraud defendant's creditors and the trustee. Debtors responded with a Motion to Dismiss or, in the alternative, for Summary Judgment. Debtors contend that no concealment occurred because the Bank became aware of the transaction in 1981 and the trustee and remaining creditors were apprised of the transaction by the petition and § 341 meeting.

Plaintiff alleges in its Complaint (¶ 10) that debtors continued to conceal the transfer from all other creditors and the trustee "until the first meeting of creditors on December 14, 1984." The Court understands that to be a plain judicial admission that there was disclosure at the first meeting of creditors.

Plaintiff argues that there are fact issues to be tried but doesn't define them. Plaintiff has not complied with General Rule 12(f) of the U.S. District Court for the Northern District of Illinois in opposing the summary judgment motion.

## DISCUSSION

On a Motion to Dismiss, if the Court considers matters outside of the pleadings, the motion shall be treated as one for summary judgment. Rule 12(b) F.R.Civ.P. The Court has considered the pleadings, exhibits and affidavit and will treat the motion as a motion for summary judgment.

A motion for summary judgment is granted only upon a showing that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56 F.R.Civ.P., Bankr.R. 7056. The burden is upon the moving party to show that there is no material fact to be tried. *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336 (7th Cir.1985). All inferences drawn from the pleadings, exhibits and affidavits must be drawn in favor of the non-moving party. *American Dermatologists v. Collagen Corp.*, 595 F.Supp. 79 (D.C.N.D.Ill.1984).

Complaints objecting to discharge of a debtor under Chapter 7 of the Bankruptcy Code are governed by 11 U.S.C. § 727. Pursuant to § 727(a)(2):

The Court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

The elements which must be proven to sustain an objection under § 727(a)(2) are:

(1) a transfer, removal, destruction, mutilation, or concealment—

(2) involving property of—

(a) the debtor and occurring within one year of the petition filing date; or

(b) property of the estate and occurring postpetition.

(3) whereby the debtor intended to hinder, delay, or defraud a creditor.

*F.D.I.C. v. Morris*, 51 B.R. 462 (Bankr.E.D. Tenn.1985).

The Bank alleges the transfer was concealed from it until December, 1981, and from the other creditors until December of 1984, which was after the Petition was filed herein. Debtors position is that no concealment occurred because the Bank became aware of the transfer over three years ago and the trustee and remaining creditors became aware of it when the petition was filed.

Debtors contend that because the transfer occurred outside of the statutory one-year period and the Bank became aware of it before that time, there can be no concealment. However, the Seventh Circuit has long held that a concealment of assets which occurred prior to the one-year period and extends into the time when bankruptcy is contemplated is a "continuing concealment" and falls within the ambit of the statute. *In Re Groth*, 36 F.2d 41 (7th Cir.1929). Consequently, the fact that the transfer occurred more than one year prior to debtors filing their petition in bankruptcy would not preclude denial of discharge if plaintiff can establish there was a "concealment".

A "concealment", for purposes of § 727(a)(2)(A), involves secreting of assets in the context of the bankruptcy proceed-

ing such as hiding assets from creditors for the purpose of exempting a portion of the estate which would be payable to creditors through the bankruptcy proceeding. *Miles Employee Federal Credit Union v. Griffin*, 22 B.R. 821, 826 (Bankr.S.D.Ohio 1982). However, when the transaction is revealed at the first meeting of creditors (11 U.S.C. § 341) there is no longer a fraudulent concealment. *In Re Doody*, 92 F.2d 653, 655 (7th Cir.1937)[1] Plaintiff here alleges that was done at the first meeting of creditors.

■ The purpose of the Bankruptcy Code is to discharge the honest debtor from his debts and it should be liberally applied to protect the debtor when there is no intent to violate its provisions. *Matter of Garman*, 643 F.2d 1252, 1257 (7th Cir. 1980). Therefore, the court must grant a discharge unless one of the exceptions enumerated in § 727(a) is found to exist.

■ The alleged exception in this case is that debtors concealed assets of the estate with an intent to hinder, delay or defraud a creditor or the trustee both before and after the petition was filed in bankruptcy. However, the Bank, as mortgagee and judgment creditor, was informed of the details of the transaction in December, 1981. Furthermore, the Bank's argument that the transaction was concealed from the other creditors is without merit because the transaction was revealed at the first meeting of creditors. Thus, there was no concealment under § 727(a)(2)(A).

■ The substance of the Bank's argument under § 727(a)(2)(B) is that debtors' failure to disclose the details of the transfer to the other creditors prior to the first meeting of creditors constitutes concealing property of the estate "after the date of the filing of the petition." The purpose of the first meeting of creditors is to examine the debtor "... to gain a clear picture of the condition and whereabouts of the bankrupt's estate." *In Re Johns-Manville Corp.*, 42 B.R. 362, 364 (D.C.S.D.N.Y.1984).

Prior to the first meeting of creditors and that examination, creditors would not know nor necessarily need to know of debtors property transactions. It follows that disclosure at the first meeting of creditors is not a post-petition concealment within the purview of § 727(a)(2)(B).

■ The intent of § 727(a)(2)(B) is to deny discharge to a debtor who fails to disclose transactions regarding his assets subsequent to filing his petition in bankruptcy. *In Re Devers*, 759 F.2d 751 (9th Cir.1985); *In Re Milano*, 35 B.R. 89 (Bankr.S.D.N.Y.1983). In such cases, the subsequent discovery of the transactions does not exculpate debtor from his post-petition intent to prevent creditors from reaching the assets and a discharge may be denied. However, in this case, the transaction occurred prior to filing the petition in bankruptcy and § 727(a)(2)(B) is not applicable.

■ Finally, debtors seek payment of costs and attorney's fees from the bank pursuant to 11 U.S.C. § 523(d). That section provides the Court with the power to award costs and a reasonable attorney's fee when a creditor is found to have filed a complaint to determine dischargeability under § 523(a)(2) which was not substantially justified. The complaint before the Court seeks denial of debtors discharge and does not involve questions of non-dischargeability of the judgment owed to the bank. Therefore, § 523(d) is not pertinent and the request thereunder for costs and fees is denied, without prejudice to the possible filing of an application for fees under Bankruptcy Rule 9011 and/or 28 U.S.C. § 1927, supported by case authority and an affidavit showing fees and disbursements claimed, should debtors believe they are entitled to relief thereunder.

IT IS THEREFORE ORDERED that the debtor's Motion for Summary Judgment to the Complaint of Bartlett Bank & Trust Company Objecting to Discharge is grant-

---

**1.** A case decided under Section 14(c)(4) of the Bankruptcy Act, which was the predecessor of Code § 727(a)(2)(A).

ed, and its motion for costs and fees under Code § 523(d) is denied. Judgment will enter accordingly and the Clerk will be directed to docket said final and appealable judgment forthwith.