**In re Kenneth JONES, Debtor.**

**Rita JONES, Plaintiff,**

v.

**Kenneth JONES, Defendant.**

**Bankruptcy No. 88–20302.
Adv. No. 28810042.**

United States Bankruptcy Court,
D. Montana.

March 1, 1989.

Bruce M. Wilson, Missoula, Mont., for debtor/defendant.

Paul Neal Cooley, Missoula, Mont., for plaintiff.

Bruce L. Hussey, Missoula, Mont., trustee.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

On November 7, 1988, trial was held on the Complaint of Rita Jones against the Debtor/Defendant Kenneth Jones, which alleges that the Debtor/Defendant transferred property of the estate within one year of bankruptcy with the intent to hinder, delay, or defraud the Plaintiff, as a creditor, so that the Debtor should be de-

nied a general discharge under 11 U.S.C. § 727(a)(2). The parties agreed that the deposition of Debtor Kenneth Jones, with exhibits included therein, would constitute all evidence regarding the issues raised by the Complaint. The Court granted the parties ten (10) days to file briefs, which briefs have now been filed and this matter is deemed submitted.[1]

The Plaintiff and Defendant were divorced on January 15, 1985. Prior to the divorce, the parties were joint owners of a parcel of property in the State of Washington, which they sold for $70,000.00 in May, 1984, under a Contract for Deed which provided for $20,000.00 as a down payment and monthly payments of $674.70 until paid in full. In a state divorce action, by decree entered December 15, 1986, the Plaintiff was ultimately awarded a property settlement of $43,594.00 for her one half interest in the marital estate.[2] That decree became final after appeal to the Montana Supreme Court.

On May 19, 1987, the Defendant created a revocable trust with himself as trustee and his minor daughters as beneficiaries. On June 11, 1987, Debtor made an assignment of all contract payments from the Washington property to the trust. Upon filing of the Chapter 7 petition, the contract payments have been made to the Chapter 7 Trustee.

In addition to the above transfer, the Debtor made two other transfers, one in the form of a mortgage to his mother and the other a transfer of a one-half interest in his homestead property in Missoula County, Montana, to his present spouse and two daughters, by Quit Claim Deed filed of record on October 21, 1987. The mortgage to his mother was recorded May 19, 1987, to secure repayment of a loan for $6,000.00, made in 1985, but formalized by a Promissory Note dated May 18, 1987, calling for repayment of said sum at 2% interest per annum. All of the transfers were made within one year of the filing of

---

1. The briefs filed by the parties were of no use to this Court, as they did not cite any authorities or case law to support any of the positions promulgated by the parties.

2. The Court notes that on July 21, 1988, the state court granted the Plaintiff an award of $650.00 per month for maintenance due to the fact that her property settlement had not been paid.

the Chapter 7 case, and at a time when the judgment debt owed Rita Jones remained unpaid.

■ Before a Debtor can be denied a general discharge under § 727, "fraudulent intent" must be shown. 4 *Collier on Bankruptcy*, § 727.02[3] (15th Ed.1986). This intent must be "actual intent as distinguished from constructive intent". *Id.* To succeed in her objection to the Debtor's discharge under § 727, the Plaintiff must prove:

"(1) that the act complained of was done at a time subsequent to one year before the filing of the petition;

(2) with actual intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of the property under the Bankruptcy Code;

(3) that the act was that of the debtor or his duly authorized agent;

(4) that the act consisted of transferring, removing, destroying or concealing any of the debtor's property, or permitting any of these acts to be done."
4 *Collier on Bankruptcy*, § 727.02[1][b] (15th Ed.1986).

*In re Kessler*, 51 B.R. 895, 898 (Bankr.D. Kan.1985); *Matter of Agnew*, 818 F.2d 1284, 1287 (7th Cir.1987). Under § 727, the objecting party has the burden to prove, by clear and convincing evidence, that the Debtor should be denied a discharge. Bankruptcy Rule 4005; *In re Cutignola*, 87 B.R. 702, 706 (Bankr.M.D.Fla.1988). Section 727 is to be construed liberally in favor of the Debtors and strictly against the creditor. *Cutignola*, supra, at 706; *In re Mart*, 87 B.R. 206, 209 (Bankr.S.D.Fla. 1988); *In re Greenwalt*, 48 B.R. 804, 806 (Bankr.Colo.1985). The evidence must, when considered in light of all the facts, lead the court to the conclusion that the Debtor has violated the spirit of the Bankruptcy Code. *In re Cohen*, 47 B.R. 871, 874 (Bankr.S.D.Fla.1985); *Mart*, supra, at 209. To warrant a denial of discharge the transfer must be an actual transfer of valuable property which reduces the assets available to the creditors, and which is made with fraudulent intent. *Matter of Agnew*, supra, at 1289.

In the Ninth Circuit Court of Appeals' decision of *In re Adeeb*, 787 F.2d 1339 (9th Cir.1986), the Court addressed the practical implications of § 727(a)(2):

"We are also persuaded by practical considerations that a discharge should not be denied in the present situation. It is not uncommon for an uncounseled or poorly counseled debtor faced with mounting debts and pressure from his creditors to attempt to protect his property by transferring it to others. Upon later reflection or upon obtaining advice from experienced bankruptcy counsel, the debtor may realize that his original transfer of the property was a mistake. If the debtor is informed that his mistake bars him from a discharge in bankruptcy, he will have no incentive to attempt to recover the property or to reveal its existence to his creditors. Rather, he will have a strong incentive to continue to hide his assets.

. . . . .

We conclude that a debtor who transfers property within one year of bankruptcy with the intent penalized by section 727(a)(2)(A) may not be denied discharge of his debts if he reveals the transfers to his creditors, recovers substantially all of the property before he files his bankruptcy petition, and is otherwise qualified for a discharge." *Id.* at 1345.

In *In re Barney*, 86 B.R. 105, 110 (Bankr.N.D.Ohio 1987), the Court analyzed the *Adeeb* decision, stating:

"The *Adeeb* Court made discharge mandatory when the debtor recovers substantially all of the property before he files his bankruptcy petition. Even if the property were not recovered prior to the filing of the petition, full disclosure at the first meeting of creditors, combined with the present ability to recover substantially all of the property, should give rise to a rebuttable presumption in favor of discharge."

The Court further addressed § 727(a)(2), stating:

"The full disclosure of the conveyance at the first meeting of creditors makes the

denial of discharge inappropriate under existing case law when the property in question has been recovered and returned to the estate. *In re Adeeb*, 787 F.2d 1339 (9th Cir.1986); *In re Waddle*, 29 B.R. 100 (Bankr.W.D.Ky.1983); *In re Wolmer*, 57 B.R. 128 (Bankr.N.D.Ill. 1986); *Thompson v. Eck*, 149 F.2d 631 (2nd Cir.1945); *In re Doody*, 92 F.2d 653 (7th Cir.1937); 4 *Collier on Bankruptcy* (15th ed.) ¶ 727.02[6][b]. There are strong policy reasons underlying these decisions." *Id.* at 109.

In this case, the Debtor/Defendant admits in Plaintiff's Exhibit '1' that he created the trust with the "intent of trying to avoid or keeping Rita from collecting her judgment against that property". However, since the filing of his bankruptcy the Debtor/Defendant has turned over the Contract for Deed proceeds to the Chapter 7 Trustee. Furthermore, the Debtor's Schedules list the transfer which created the revocable trust, and list the transfer granting the mortgage to his mother. The Debtor's Schedules show that the Debtor has $27,278.00 equity in the property located in Missoula County, Montana.[3] This full amount may be claimed as exempt by the Debtor, and, therefore, his transfer of a one-half interest in this homestead property does not decrease or change the assets available for creditors. Therefore, based on the evidence presented, this Court does not find that the Debtor's transfers have reduced the assets available for distribution to creditors. Accordingly, the Plaintiff has not sustained her burden of proof under § 727.

IT IS ORDERED that the Plaintiff's Complaint is dismissed for failure of the Plaintiff to sustain her burden of proof.

---

3. No evidence was presented by either party on valuation of the Montana property. Accordingly, this Court must rely upon the Debtor's Schedules.