In re Richard HIRENGEN, Shanna Hirengen, Debtors.

FIRST SECURITY BANK OF HELENA, Plaintiff,

v.

Richard HIRENGEN, Shanna Hirengen, Defendants.

Bankruptcy No. 88–20473.
Adv. No. 288/0073.

United States Bankruptcy Court,
D. Montana.

June 9, 1989.

John Grant, Helena, Mont., for First Sec. Bank of Helena.

Joe Nascimento, Helena, Mont., for defendant/debtor.

Deirdre Caughlan, Trustee, Dunlap & Caughlan, Butte, Mont.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

After due notice, a trial was held January 11, 1989, on the Plaintiff's Complaint Objecting to the Defendant/Debtors' Discharge. The Complaint seeks denial of discharge under the provisions of 11 U.S.C. § 727(a)(2)(B), (a)(3), and (a)(4)(A). The Defendant/Debtors resist the complaint and deny its allegations. Both parties introduced testimony and exhibits and at the conclusion of trial this Court granted fifteen (15) days to file briefs. The briefs have been filed and this matter is deemed submitted.

The Bank's Complaint alleges 14 separate incidents where the Debtors allegedly violated § 727(a)(2)(B), (a)(3), or (a)(4)(A). Section 727(a)(2)(B), (a)(3), and (a)(4)(A) state:

"(a) The Court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(B) property of the estate after the date of the filing of the petition;

(3) debtor has concealed, destroyed mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;"

Before a Debtor can be denied a general discharge under § 727, "fraudulent intent" must be shown. 4 *Collier on Bankruptcy*, § 727.02[3] (15th Ed.1986). This intent must be "actual intent as distinguished from constructive intent". *Id.* To succeed on an objection to the Debtor's discharge under § 727, the Plaintiff must prove:

"(1) that the act complained of was done at a time subsequent to one year before the filing of the petition;

(2) with actual intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of the property under the Bankruptcy Code;

(3) that the act was that of the debtor or his duly authorized agent;

(4) that the act consisted of transferring, removing destroying or concealing any of the debtor's property, or permitting any of these acts to be done." 4 *Collier on Bankruptcy*, § 727.02[1][b] (15th Ed.1986).

*In re Kessler*, 51 B.R. 895, 898 (Bankr.D. Kan.1985); *Matter of Agnew*, 818 F.2d 1284, 1287 (7th Cir.1987); *In re Jones*, 97 B.R. 36, 38, 7 Mont.B.R. 23, 25 (Bankr.D. Mont.1989). Under § 727, the objecting party has the burden to prove, by clear and convincing evidence, that the Debtor should be denied a discharge. Bankruptcy Rule 4005; *In re Cutignola*, 87 B.R. 702, 706 (Bankr.M.D.Fla.1988); *Jones*, supra. Section 727 is to be construed liberally in favor of the Debtors and strictly against the creditor. *In re Adeeb*, 787 F.2d 1339, 1342

(9th Cir.1986); *Cutignola*, supra, at 706; *In re Mart*, 87 B.R. 206, 209 (Bankr.S.D. Fla.1988); *In re Greenwalt*, 48 B.R. 804, 806 (Bankr.Colo 1985). The evidence must, when considered in light of all the facts, lead the court to the conclusion that the Debtor has violated the spirit of the Bankruptcy Code. *In re Cohen*, 47 B.R. 871, 874 (Bankr.S.D.Fla.1985); *Mart*, supra, at 209. To warrant a denial of discharge the hinderance, transfer, or concealment must be material, must reduce the assets available to the creditors, and must have been made with fraudulent intent. *Matter of Agnew*, supra, at 1289.

In this case, the decision turns on whether the Debtors had the actual intent to hinder, delay or defraud the Bank. Actual intent is required by the Code. *Adeeb*, at 1342. Constructive fraudulent intent cannot be the basis for denial of discharge. *Adeeb*, at 1343; *In re Devers*, 759 F.2d 751, 754 (9th Cir.1985). However, intent may be established by circumstantial evidence, or from inferences drawn from a course of conduct. *Id.* at 753–754.

The Bank first contends that the Defendant/Debtors should be denied a general discharge under § 727(a)(2)(B) for concealing assets of the estate by not listing them in their Schedules, Statement of Affairs, and Petition and by not disclosing them to creditors and the Trustee prior to the § 341 meeting. Review of the Complaint shows that numerous of the Bank's allegations are based on the Debtors' listing of transactions or property in one Schedule, Statement, or Petition and not in another corresponding Schedule, Statement, or Petition, to wit:

4(a)—States that, "The Schedule of Current Income and Current Expenses shows under C–4 'rent from Aunt'. The Statement of Affairs fails to disclose this rental income as required by question 2(e)".

4(b) & 4(c)—4(b) states that, "Schedule A–2 lists Ritch (sic) Rauser as having a secured interest in land. Mr. Hirengen testified this was through a Contract for Deed. That Contract, according to Mr. Hirengen, also includes a 1971 trailer home which he testified is rented to his aunt".

4(c) states "On Schedule B–1 neither the land or any trailer houses are specifically listed, although a 'home' is listed".

4(f)—States that, "The 'land' is valued at $20,000.00 on Schedule A–2. However, on Schedule B–1 there is simply a $10,000.00 value placed on the 'home'".

4(h)—States that, "On Schedule B–2, the household goods, supplies and furnishings are listed at a $500.00 value along with a $150.00 rifle. However, the clothes and household goods listed on Schedule B–4 total $550.00 ($100.00 short)." Such omissions on the part of the Debtors and their attorney do not support the Bank's contention that the Debtors were attempting to conceal property. This type of incompleteness does not warrant denial of discharge under § 727. *Matter of Garman*, 643 F.2d 1252, 1257 (7th Cir.1980). Obviously, the Debtors intended to disclose such information if it was disclosed in at least one Schedule, Statement, or Petition. The remainder of the allegations of the Bank's Complaint are based on inaccuracies and omissions in the Debtors' Petition, Schedules, and Statement that were brought to light by the Debtors' testimony at the § 341 meeting.[1] In *In re Wolmer*, 57 B.R. 128, 132 (Bankr.N.D.Ill.1986) the court held that a Debtor who disclosed transactions and omissions at a § 341 meeting, could not be found to have violated § 727(a)(2)(B). The Court stated:

"The purpose of the first meeting of creditors is to examine the debtor '... to gain a clear picture of the condition and whereabouts of the bankrupt's estate.' *In re Johns–Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y.1984). Prior to the first meeting of creditors and that examination, creditors would not know nor necessarily need to know of debtors property transactions. It follows that disclosure at first meeting of creditors is not a post-petition concealment within the purview of § 727(a)(2)(B)." *Id.*

The *Wolmer* court cited the case of *In re Doody*, 92 F.2d 653, 655 (7th Cir.1937), for the holding that when a transaction is "revealed at the first meeting of creditors (11 U.S.C. § 341) there is no longer a fraudulent concealment". *See also, Adeeb*, supra, at 1345; *In re Waddle*, 29 B.R. 100, 103 (Bankr.W.D.Ky.1983). Based on the case law cited above, and the fact that § 727(a)(2)(B) is to be liberally construed in favor of the Debtors, this Court finds that the Bank is not entitled to relief under § 727(a)(2)(B).

The Bank's next contention is that the Debtors should be denied a general discharge under § 727(a)(3) for failing to keep adequate books, documents, and records of their affairs. What constitutes adequate books, documents, and records must be decided on a case-by-case basis, depending on the Debtors' business operations and sophistication. *In re Horton*, 621 F.2d 968 (9th Cir.1980); *In re Potter*, 88 B.R. 843, 848 (Bankr.N.D.Ill.1988); *In re Mart*, 87 B.R. 206, 210 (Bankr.S.D.Fla. 1988). In this case, the testimony and evidence clearly shows that the Debtors were unsophisticated business persons and that they had no true definable business. As such, this Court does not find that the Debtors were required to keep the sophisticated books, documents, and records that the Bank desires. Accordingly, this Court finds that the Bank is not entitled to relief under § 727(a)(3).

The Bank's last contention is that the Debtors should be denied a general discharge under § 727(a)(4)(A) for making a false oath or account. "It is well established that a debtor should be granted a discharge under § 727(a)(4) unless there is an *intentional* effort made to defraud." *Mart*, supra at 210, quoting *In re Cohen*, 47 B.R. 871, 874 (Bankr.S.D.Fla.1985); *see also, In re Schnoll*, 31 B.R. 909, 912 (Bankr.E.D.Wis.1983); *In re Kirst*, 37 B.R. 275, 277 (Bankr.E.D.Wis.1983). As this

---

**1.** The Bank's allegations set forth in 4(g) and 4(m) will not be considered by this Court. 4(g) incorrectly addresses the fact that a "75 11½ Fully Self Contained Camper" is included in the $9,500.00 value on the Bank loan application. And 4(m) contains property which is not listed on the Bank's own loan application from a subsequent year, thereby according the Bank notice that these assets were no longer in existence at that time. The remainder of the Bank's allegations are based on testimony which the Debtors gave at the § 341 meeting.

Court pointed out in the discussion of § 727(a)(2)(B), it does not feel that the Debtors had the requisite "intent" required by the Code. Based on the Debtors' testimony at their § 341 meeting, it is apparent that the Debtors did not intend to conceal any of their assets or transactions. It appears that the Debtors were simply unsophisticated, and poorly counseled in the proper completion of the requisite bankruptcy papers. Accordingly, this Court finds that the Bank is not entitled to relief under § 727(a)(4)(A).

IT IS ORDERED that the Plaintiff's Complaint is dismissed based on the holdings set forth above.