In re Delilah SULLIVAN, Debtor.

AVCO FINANCIAL SERVICES OF BILLINGS, ONE, Plaintiff,

v.

Delilah SULLIVAN, Defendant.

Bankruptcy No. 88–40818–007.
Adv. No. 289/0036.

United States Bankruptcy Court, D. Montana.

Feb. 23, 1990.

Thomas W. Frizzell, Tipp, Frizzell & Buley, Missoula, Mont., for AVCO.

Jerrold Nye, Nye & Myer, P.C., Billings, Mont., for debtor/defendant.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

After due notice, trial was held November 9, 1989, on the Complaint of AVCO Financial Services (AVCO) for denial of discharge under Sections 523 and 727, and return of collateral. The Debtor/Defendant Answered the Complaint by generally denying all of the material allegations. The Answer was subsequently amended and a Counterclaim for racial and sexual harassment and discrimination as well as violation of privacy was filed. At conclusion of trial, the parties were granted fifteen (15) days to file simultaneous briefs. The briefs, together with subsequent reply briefs, an Affidavit, and a Motion to Exclude evidence offered at hearing have been filed and this case is deemed submitted.

Before deciding any of the material allegations in the Complaint and Counterclaim, this Court will address the procedural defects and deficiencies which have transpired in this case, and thereby further complicated any decision on the facts. On June 26, 1989 [1], this Court entered an Or-

1. The Court notes that hearing was held January 17, 1989, on the Motion of AVCO for Release of Collateral and the Debtor's Motion to Avoid AVCO's lien. Both Motions relate directly to the

der (1) closing all discovery in this case as of August 1, 1989; (2) granting the Parties until August 14, 1989, to file a Pre–Trial Order; and (3) setting trial in this matter for August 15, 1989. No Pre–Trial Order was timely filed, nor was the Court contacted by counsel for AVCO as to any reason for the failure to file a Pre–Trial Order. However, at trial on August 15, 1989, AVCO and the Debtor/Defendant each filed a Pre–Trial Order. Pursuant to Local Bankruptcy Rule 2, this Court has adopted Local District Court Rule 235–6 which requires the Plaintiff to prepare and submit a Final Pre–Trial Order. Since the Pre–Trial Order was not properly filed, and the parties were not ready to proceed on the issues, this Court vacated the August 15, 1989, trial and reset the Complaint for trial on September 12, 1989. Counsel for AVCO was given until the end of August to file an Amended Pre–Trial Order. An Amended Pre–Trial Order was untimely filed by AVCO on September 8, 1989. At trial September 12, 1989, the Debtor/Defendant did not appear.[2] The Debtor/Defendant's attorney appeared and informed the Court that he had received a letter from Dr. Theodore Chemodurow, a psychiatrist, which stated that the Debtor/Defendant could not attend the hearing due to a condition known as Panic Disorder with Phobia Reaction. AVCO then proceeded to call witnesses with regard to the case and consented to leaving the record open to a future date for examination of the Debtor/Defendant. The September 12, 1989, hearing was adjourned, without any substantive evidence or testimony being introduced because of possible violations of the Privacy Act and continued until November 9, 1989. At conclusion of the September 12, 1989, hearing, this Court quashed all of AVCO's subpoenas as to the witnesses present. The Court did not continue or quash AVCO's subpoena as to the Debtor/Defen-

dant. At hearing, November 9, 1989, the Debtor/Defendant did not appear, again upon advice of her psychiatrist. Counsel for AVCO stated that he had not reissued a subpoena to the Debtor/Defendant upon his belief that the subpoena as to her had been continued in effect.[3] Based on the Debtor/Defendant's failure to appear, AVCO moved for the introduction of Exhibit # 9, which was a Transcript of a 2004 Examination of the Debtor/Defendant. The Exhibit was admitted, over objection, and is the subject of the Debtor/Defendant's Motion to Exclude which was filed subsequent to trial. The 2004 Examination clearly shows that the Debtor/Defendant was not cross-examined by counsel for the Debtor. Accordingly, none of the testimony in Exhibit # 9 has been refuted. Post-trial briefs and Proposed Findings and Conclusions have been filed by both parties. AVCO's Proposed Findings and Conclusions continue the procedural morass by alluding repeatedly to exhibits which were not put into evidence or were excluded by Court rulings. (See all references to Exhibits 1, 2, 5, 6, 13, 14, 19, and G). Based upon this record, the Court will now address the issues set forth by the Complaint and Counterclaim.

This Court does not condone the Debtor/Defendant's failure to appear at scheduled hearings. However, in light of the admission into evidence of Exhibit # 9 and AVCO's extensive questioning of the Debtor therein, this Court will decide the issues before the Court.

■ The Court will first address the Debtor/Defendant's Motion to Exclude "Plaintiff's Exhibit # 9". Exhibit # 9 is a transcript of a 2004 Examination of the Debtor/Defendant, which was held on March 28, 1988. The Motion seeks to exclude Exhibit # 9 from the record on the grounds that the Exhibit was admitted

subject issue and collateral. At conclusion of the hearing, the parties advised the Court that they would submit the matters on briefs. Neither party has filed a brief to this date.

2. AVCO asserts that the Debtor/Defendant was subpoenaed. However, no Affidavit of Service or Return of Service on the Subpoena have been

produced or filed with the Court, and counsel for AVCO stated at trial that he only understood he had subpoenaed the Debtor/Defendant.

3. AVCO relies on the Court's admonition to counsel for the Debtor/Defendant wherein the Court stated that the Debtor/Defendant would be "here to testify."

based on erroneous facts presented in argument by Plaintiff's counsel. Counsel for the Debtor/Defendant contends that AVCO did not appear at the § 341 Meeting and, therefore, any 2004 Examination of the Debtor should not be allowed into evidence.[4] Counsel for AVCO filed a Reply to the Motion. Unfortunately, the Reply does not coherently address the Motion, other than to imply that counsel for another creditor asked questions at the § 341 Meeting on behalf of AVCO. Upon review of the record, this Court finds that the transcript of the 2004 Examination is necessary to decide this matter.[5] As such, the Debtor/Defendant's motion to Exclude Exhibit #9 is denied.

■ Under Count II of the Complaint, AVCO alleges that the Debtor/Defendant obtained money by false pretenses and by use of a materially false statement in writing. As such, AVCO asserts that its debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). Section 523(a)(2) states:

"(a) A discharge under section 727, 1141, [,] 1228[a] 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;"

The creditor has the burden of proof to sustain an objection under § 523(a)(2) and it must prove its case by clear and convincing evidence. *In re Houtman*, 568 F.2d 651, 655 (9th Cir.1978); *In re Eberle*, 61 B.R. 638, 644 (Bankr.Minn.1985). The creditor, to sustain its burden of proof under § 523(a)(2)(A) and (B), must show that it "reasonably relied" on the Debtor/Defendant's representations. *Houtman*, supra, at 655; 3 *Collier on Bankruptcy*, § 523.09[4] p. 523–62 (15th Ed.1989).

■ In this case, several facts refute AVCO's assertions that it "reasonably relied" on the Debtor/Defendant's financial statements. The crucial fact, which was testified to by a regional supervisor for AVCO, is that the Debtor's loan with AVCO was approved on April 28, 1988, while her Statement of Indebtedness was not submitted until April 29, 1988.[6] Based on this testimony AVCO granted the loan before it received the Debtor/Defendant's Statement of Indebtedness. As such, AVCO did not "reasonably rely" on the Debtor/Defendant's financial statements. Therefore, Count II cannot be sustained based on AVCO's failure to sustain its burden of proof under § 523(a)(2).

Count I of AVCO's Complaint alleges four separate incidents where the Debtor/Defendant allegedly violated § 727(a)(2), (a)(3), or (a)(4). Sections 727(a)(2), and (a)(3), and (a)(4) state, in pertinent part:

"(a) The Court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be

---

**4.** The facts show that AVCO did not attend the § 341 Meeting. However, AVCO contends that an attorney for another creditor inquired into areas of interest for AVCO. An Affidavit has been filed by Russell D. Yerger which supports AVCO's contention.

**5.** Due to Debtor's absence at trial, the transcript will be used for any purpose relevant to the

issues. The Court will weigh the testimony from the transcript against other facts in the record to arrive at the Findings of Fact.

**6.** AVCO's regional supervisor testified that the Statement of Indebtedness is the key form used to decide whether a loan is granted or not.

transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition;

(3) debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;"

This Court addressed § 727 in detail in *In re Luthje*, 107 B.R. 292, 294, 7 Mont.B.R. 291, 292–94 (Bankr.Mont.1989), stating:

"Before a Debtor can be denied a general discharge under § 727, 'fraudulent intent' must be shown. 4 *Collier on Bankruptcy* § 727.02[3] (15th Ed.1986). This intent must be 'actual intent as distinguished from constructive intent'. *Id.* To succeed on an objection to the Debtor's discharge under § 727, the Plaintiff must prove:

'(1) that the act complained of was done at a time subsequent to one year before the filing of the petition;

(2) with actual intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of the property under the Bankruptcy Code;

(3) that the act was that of the debtor or his duly authorized agent;

(4) that the act consisted of transferring, removing, destroying or concealing any of the debtor's property, or permitting any of these acts to be done.' 4 *Collier on Bankruptcy*, § 727.02[1][b] (15th Ed.1986).

*In re Kessler*, 51 B.R. 895, 898 (Bankr.D. Kan.1985); *Matter of Agnew*, 818 F.2d 1284, 1287 (7th Cir.1987); *In re Jones*, [97 B.R. 36] 7 Mont.B.R. 23, 25 (Bankr.

Mont.1989). Under § 727, the objecting party has the burden to prove, by clear and convincing evidence, that the Debtor should be denied a discharge. Bankruptcy Rule 4005; *In re Cutignola*, 87 B.R. 702, 706 (Bankr.M.D.Fla.1988); *Jones*, supra. Section 727 is to be construed liberally in favor of the Debtors and strictly against the creditor. *In re Adeeb*, 787 F.2d 1339, 1342 (9th Cir.1986); *Cutignola*, supra, at 706; *In re Mart*, 87 B.R. 206, 209 (Bankr.S.D.Fla.1988); *In re Greenwalt*, 48 B.R. 804, 806 (Bankr.Colo. 1985). The evidence must, when considered in light of all the facts, lead the Court to the conclusion that the Debtor has violated the spirit of the Bankruptcy Code. *In re Cohen*, 47 B.R. 871, 874 (Bankr.S.D.Fla.1985); *Mart*, supra, [87 B.R.] at 209. To warrant a denial of discharge the hinderance, transfer or concealment must be material, must reduce the assets available to the creditors, and must have been made with fraudulent intent. *Matter of Agnew*, supra, [818 F.2d] at 1289."

The Court will first address AVCO's allegations under § 727(a)(3). AVCO contends that the Debtor/Defendant has concealed, destroyed, or failed to keep or preserve records. What constitutes adequate records must be decided on a case-by-case basis, depending on the Debtor's business operations and sophistication. *In re Horton*, 621 F.2d 968 (9th Cir.1980); *In re Potter*, 88 B.R. 843, 848 (Bankr.N.D.Ill. 1988); *In re Mart*, 87 B.R. 206, 210 (Bankr. S.D.Fla.1988). In this case, evidence presented clearly shows that the Debtor/Defendant is not engaged in any business and that she is unsophisticated as to business records. Tax returns, pay stubs, and checking account statements would be all the Debtor would be required to have available. AVCO certainly was entitled to copies of these through the discovery process in this case.[7] Accordingly, AVCO is not entitled to relief under § 727(a)(3).

---

**7.** However, the record does not show that AVCO availed itself of any discovery on the Debtor's records.

To sustain AVCO's Complaint under Sections 727(a)(2) and (a)(4) requires a showing that the Debtor/Defendant intentionally hindered, delayed, or defrauded AVCO. *In re Adeeb*, 787 F.2d 1339, 1342 (9th Cir. 1986); *In re Devers*, 759 F.2d 751, 754 (9th Cir.1985); *Mart*, supra, 87 B.R. at 210, quoting *In re Cohen*, 47 B.R. 871, 874 (Bankr.S.D.Fla.1985); *see also, In re Schnoll*, 31 B.R. 909, 912 (Bankr.E.D.Wis. 1983); *In re Kirst*, 37 B.R. 275, 277 (Bankr. E.D.Wis.1983).

"Although actual intent must be shown, a finding of actual intent may be based on circumstantial evidence or on inferences drawn from a course of conduct. This is because a debtor is unlikely to testify that the intent was fraudulent. Thus a court may look to all the surrounding facts and circumstances." 4 *Collier on Bankruptcy*, § 727.02[3] (15th Ed.1989).

■ The evidence presented clearly shows that the Debtor/Defendant's Schedules and Statements had numerous omissions and incorrect answers. Such omissions and incorrect answers, without the showing of actual intent do not warrant a denial of discharge under § 727. *See, Matter of Garman*, 643 F.2d 1252, 1257 (7th Cir.1980); *Adeeb*, supra, at 1342; *In re Wolmer*, 57 B.R. 128, 132 (Bankr.N.D.Iii. 1986); *In re Hirengen*, 112 B.R. 382, 7 Mont.B.R. 329, 333–34 (Bankr.Mont.1989). In this case, no actual intent has been shown, nor can it be inferred, based on the evidence presented. AVCO's reliance on the Debtor's testimony in Exhibit # 9 to show fraudulent intent is misplaced. The Debtor repeatedly explains her reasoning behind the omissions or incorrect answers.

AVCO stresses that the Debtor/Defendant did not disclose a 401(k) plan, under Conoco Thrift Plan, as an asset in her Schedules. In fact, the Debtor/Defendant has listed Conoco Thrift Plan as a creditor based on a loan. However, no evidence has been presented to show whether the Conoco Thrift Plan has a balance or a deficit. Accordingly, AVCO has not sustained its burden of proof that the Debtor/Defendant failed to reveal a material asset. *See, Mat-*

*ter of Agnew*, 818 F.2d 1284, 1289 (7th Cir.1987); *Hirengen*, supra.

■ AVCO contends that the Debtor/Defendant transferred her previous residence, known as the Columbine House, within one year of her bankruptcy filing without disclosing such fact. The Debtor/Defendant testified at the 2004 Examination that she did sell the house to a third party for more than one dollar and less than $1,000.00. The Debtor/Defendant further testified that she had forgotten about the house because she no longer made any payments on it and that she did not intentionally make a false statement in her Schedules about it. Based on this evidence, AVCO has not sustained its burden of proof that the Debtor/Defendant failed to disclose a transfer of property that would materially effect any possible distribution to creditors. *Agnew*, supra; *Hirengen*, supra.

■ AVCO relies on the fact that the Debtor/Defendant did not disclose her previous bankruptcy in this Court on her Statements and Schedules. However, at hearing January 17, 1989, on the Motion of AVCO to Dismiss this case, counsel for the Debtor/Defendant informed the Court that it was upon his advice that the Debtor/Defendant's Schedules and Statements revealed that no prior bankruptcies had been filed. Incorrect advice of counsel should not be imputed against a Debtor under § 727. *In re Hudson Oil Company*, 91 B.R. 932, 940 (Bankr.Kan.1988).

No witnesses or evidence were presented to refute the Debtor's answers and explanations given in Exhibit # 9. Furthermore, review of the omissions and incorrect answers does not show or impute that any material assets, which would be available for distribution to creditors, were concealed or hidden. The inaccuracies do not constitute the requisite material concealment, transfer, or hinderance. *Agnew*, supra, at 1289; *Hirengen*, supra at 333–34. Therefore, AVCO has not sustained its burden of proof that the Debtor's omissions and incorrect answers were intentionally done to delay, defraud, or hinder AVCO.

The Debtor/Defendant offered no evidence whatsoever in support of her Counterclaim. Accordingly, the Counterclaim cannot be sustained.

IT IS ORDERED that the Plaintiff's Complaint and the Debtor/Defendant's Counterclaims are dismissed for failure of the parties to sustain their burden of proof as to the allegations.