**In re Robert A. MILANO, Debtor.**

**Barbara BALABER–STRAUSS as Trustee in the Estate of Debtor Robert A. Milano, and Wellcraft Marine Corporation, Plaintiffs,**

v.

**Robert A. MILANO, Defendant.**

**Bankruptcy No. 82 B 20691.**

**83 Adv. 6155.**

United States Bankruptcy Court, S.D. New York.

Dec. 2, 1983.

Barbara Balaber-Strauss, P.C., New York City, for plaintiff/trustee.

Campell, McMillian, Bosco, Penzel, Danzig & Maker, New Rochelle, N.Y., for Wellcraft Marine Corp.

Charles H. Weintraub, White Plains, N.Y., for Robert A. Milano.

DECISION ON OBJECTIONS
TO DISCHARGE

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy and a creditor, Wellcraft Marine Corporation, have filed a

complaint objecting to the discharge in bankruptcy of the debtor, Robert A. Milano, on various grounds. The first charge involves alleged fraudulent concealments proscribed under 11 U.S.C. § 727(a)(2). The second claim asserts the making of a false oath and account, in violation of 11 U.S.C. § 727(a)(4)(A), when the debtor signed and swore that his Chapter 7 bankruptcy petition, schedules and statement of affairs were true, accurate and complete. The third ground implicates 11 U.S.C. § 727(a)(3), and charges that the debtor failed to preserve financial records and papers from which his financial condition or business transactions might be ascertained.

## FINDINGS OF FACT

1. On November 18, 1982, the debtor, Robert A. Milano, filed with this court a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. The plaintiffs in this action are the trustee in bankruptcy and Wellcraft Marine Corp., a creditor in the amount of approximately $139,000.

3. The debtor had previously been a principal shareholder in a corporation known as North Atlantic Marine Enterprises, Inc., which operated a marina. The company ceased operations in February, 1981. In answers to questions in his statement of affairs, the debtor stated that he owned no shares of stock. Although asked by the trustee at the meeting of creditors for the production of documents pertaining to his financial affairs, the debtor failed to produce any documents or financial information concerning his business activities in connection with North Atlantic Marine Enterprises, Inc.

4. Additionally, the trustee in bankruptcy sought copies of the debtor's past income tax returns, bank statements and any other documentation concerning the debtor's financial condition. The debtor failed to turn over to the trustee any such books, documents or records and failed to produce any of these items at the trial of this action.

5. The debtor inherited a 25% interest under his father's will. The debtor's father died on February 26, 1982. The debtor did not list this inheritance in his bankruptcy schedules when he filed his bankruptcy petition on November 18, 1982 because the debtor claims not to have known of this inheritance. He believed that his father left his entire estate to the debtor's mother, who died on July 10, 1982. The debtor's mother's will left her entire estate to the debtor's younger brother and sister who resided in the family residence. The debtor and another brother were excluded from their mother's will. However, the debtor's father's will contained a reversionary clause to the effect that if the debtor's mother died prior to the expiration of six months after the father's death, she would not inherit from her husband and his entire estate would go to his four children *per stirpes.* Because the debtor's mother died on July 10, 1982, within six months of the death of her husband, the reversionary clause took effect and the debtor was entitled to receive 25% of his father's estate, which includes business and real estate interests.

6. The debtor claims not to have learned of his right to a 25% share in his father's estate until February, 1983, approximately three months after he filed his bankruptcy petition. However, he has made no effort to amend his petition to reflect this information.

7. The debtor has been requested to furnish information and documentation as to the details concerning his father's estate. In a letter dated May 9, 1983, the attorney for the debtor's father's estate advised the plaintiff, Wellcraft Marine Corporation, that he was not authorized to release any portion of the file pertaining to the debtor's father's estate. The debtor, who is the executor of his father's estate, admitted that as the executor of this estate he would not divulge any information to the creditor, Wellcraft, or to the trustee in bankruptcy.

8. It is possible that the debtor may not have known that he was entitled to an inheritance from his father's estate until three months after he filed his bankruptcy petition. However, once the debtor became

aware of this inheritance, he deliberately attempted to conceal from the trustee in bankruptcy and his creditors any financial information concerning the details or the extent of his inheritance.

## DISCUSSION

A Chapter 7 debtor is required by 11 U.S.C. §§ 521(2) and (3) and Bankruptcy Rule 4002(4) to cooperate with the trustee in bankruptcy in the administration of the bankruptcy estate and to surrender to the trustee books, documents, records and papers relating to the estate. If a debtor, with intent to hinder, delay or defraud a creditor or the trustee in bankruptcy, conceals property of the estate after the date of the filing of the petition, the discharge in bankruptcy must be denied pursuant to 11 U.S.C. § 727(a)(2)(B).

In this case, whether or not the debtor made a false oath when he filed his sworn petition and supporting documents and omitted any information concerning the inheritance from his father's estate is academic. Once he admittedly knew, approximately three months after he filed his bankruptcy petition, that he had inherited one-fourth of his father's estate, the debtor was obliged to report this fact to the trustee in bankruptcy and to his creditors. Even if the debtor's delayed knowledge of his inheritance were condoned by the court, thereby regarding the inheritance as a postpetition occurrence, an amendment of his bankruptcy petition was required because 11 U.S.C. § 541(a)(5)(A) specifically includes as property of the estate an inheritance acquired within 180 days after the filing of the bankruptcy petition. Instead, he deliberately attempted to withhold from the trustee and his creditors all information concerning the details and extent of his inheritance. Additionally, the debtor failed to produce any records, checks, bank statements or income tax returns from which his financial condition could be ascertained.

Complete disclosure of the debtor's financial condition is a prerequisite to obtaining a discharge in bankruptcy. *In re Silverman,* 10 B.R. 727, 731 (Bkrtcy.S.D.N. Y.1981). Records of substantial completeness and accuracy are required so that they may be checked against explanations made by the debtor. *In re Underhill,* 82 F.2d 258, 260 (2nd Cir.), *cert. denied,* 299 U.S. 546, 57 S.Ct. 9, 81 L.Ed. 402 (1936); *Broad National Bank v. Kadison,* 26 B.R. 1015, 1018 (D.C.N. J.1983).

The debtor's concealment of his inheritance from his father's estate, together with his refusal to divulge or produce any documentation pertaining to the financial dimensions of this inheritance, is sufficient reason to deny granting a discharge to him pursuant to 11 U.S.C. § 727(a)(2)(B). It amounts to a concealment of property of the estate, after the date of the filing of the petition, with the intent to hinder, delay or defraud the debtor's creditors and his trustee in bankruptcy. Additionally, the debtor's failure to preserve and produce any books, documents, records or papers from which his financial condition or business transactions might be ascertained, and his failure to justify why such items were not preserved and produced, also require the denial of his discharge pursuant to 11 U.S.C. § 727(a)(3).

## CONCLUSIONS OF LAW

1. The plaintiffs have sustained the burden imposed under Bankruptcy Rule 4005 of proving that the debtor, with intent to hinder, delay, or defraud his creditors and the trustee in bankruptcy, concealed property of the estate, after the date of the filing of the petition, as proscribed under 11 U.S.C. § 727(a)(2)(B).

2. The plaintiffs have sustained the burden imposed under Bankruptcy Rule 4005 of proving that the debtor has failed to keep or preserve any recorded information, including books, documents, records and papers, from which his financial condition or business transactions might be ascertained as required under 11 U.S.C. § 727(a)(3).

3. The plaintiffs are entitled to an order denying a discharge in bankruptcy to the debtor and directing that the debtor turn over to the trustee in bankruptcy all prop-

erty constituting property of the estate within the meaning of 11 U.S.C. § 541.

SUBMIT ORDER on notice.