In re Elvin Earl HARGIS, Debtor.

SECRETARY OF LABOR, Plaintiff,

v.

Elvin Earl HARGIS, Defendant.

Bankruptcy No. 18300495.
Adv. No. 1830024.

United States Bankruptcy Court,
W.D. Kentucky.

July 8, 1985.

William Skaggs, Bowling Green, Ky., for defendant.

Frank Steiner, U.S. Dept. of Labor, Office of the Solicitor, Nashville, Tenn., for plaintiff.

Henry Dickinson, Glasgow, Ky., trustee.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

This matter comes before us pursuant to the Order and Memorandum Opinion entered by the court in this case on November 21, 1984. In that opinion we stated that the issue which we would address in the present proceeding was "whether the debtor fraudulently concealed assets of the estate by failing to list his wife as a partner in the [debtor's construction] business." After carefully considering the evidence presented in this proceeding, including the testimony of the debtor, it is our opinion that he failed to list his wife as a partner in his construction business in order to conceal assets which could be used

to satisfy claims. The debtor failed to disclose this information with the intent to defraud his creditors as well as the bankruptcy trustee.

The facts surrounding this action were discussed at some length in our previous opinion in this case and are restated here only for the convenience of the reader. The debtor, E.E. Hargis, was a building contractor who did business in and around Bowling Green, Kentucky prior to his Bankruptcy petition. In 1973, the debtor was sued for breach of contract in the Warren Circuit Court. A judgment was entered against the debtor in the amount of $17,026.79. The same judgment was entered against the debtor's wife on the jury's findings that she was a partner in the debtor's construction business. The jury's verdict in this matter was upheld on appeal by the Kentucky Supreme Court in an unpublished opinion dated February 20, 1976.[1]

In 1980 the Secretary of Labor brought an action against the debtor under sections 17 and 16(c) of the Fair Labor Standards Act (FLSA). A default judgment was entered against the debtor by the U.S. District Court for the Western District of Kentucky on May 26, 1981. The court enjoined the debtor from future violations of the FLSA and ordered him to pay $7,592.02[2] within 30 days after the entry of judgment. The debtor failed to pay as required by the judgment, and in the period between July 25, 1981 and May 29, 1982, the debtor repeatedly violated the FLSA.[3]

As a result of the debtor's failure to comply with court orders, a civil contempt action was brought against him by the Department of Labor. On August 4, 1982, the U.S. District Court of the Western District of Kentucky "advised in an oral opinion ..., that the [debtor] ... failed to comply with the order of Honorable Edward H. Johnstone entered May 26, 1981 and ... [was] in contempt of the order ...".[4] The court ordered that the Department of Labor submit proposed findings of fact and conclusions of law.

Prior to the entry of judgment in the contempt action, on October 22, 1982, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. In the schedules accompanying his petition the debtor did not list his wife as a partner in his construction business or certain assets held by his wife[5] as partnership assets of his construction business.

In January, 1983, the U.S. District Court for the Western District of Kentucky entered a judgment finding the debtor in contempt of court and ordering the debtor to pay the $7,592.02 plus interest due under the May 26, 1981 judgment; $2,938.88 in expenses to the U.S. Labor Department; and $6,838.02 in additional back wages and liquidated damages. The district court also found as a fact that the debtor's wife was a partner in his construction business.[6]

In March of 1983, the Secretary of Labor objected to the debtor's discharge under the provisions of § 727(a)(2). In an earlier opinion on this matter we granted the debt-

---

**1.** *E. E. Hargis and Doris Hargis v. Kirby R. Loid,* No. 73–931 (Kentucky Supreme Court, *per curiam,* Feb. 20, 1976).

**2.** The $7,592.02 represents amounts due the debtor's employees for unpaid wages and liquidated damages.

**3.** *Raymond J. Donovan, Secretary of Labor v. Elvin E. Hargis,* C–80–0064–BG (W.D.Ky. Jan. 31, 1983) [Hereinafter cited as *Secretary of Labor v. Hargis.*]

**4.** Order of the United States District Court, Western District of Kentucky, in the case of *Secretary of Labor v. Hargis,* dated August 4, 1982.

**5.** The property in controversy consists of: (1) Six parcels of real estate in Bowling Green, Warren County, Kentucky, at 1518 Kenton, 1522 Kenton, 319 Seventh Street, 1224 Crewson, 1308 Leman and 1524 Kenton, and (2) The vehicles listed in the debtor's 1980 and 1981 federal tax returns as business property on Schedule C and not listed on the debtor's schedules in this action. The properties have a total value in excess of $140,000.00. *Secretary of Labor v. Hargis,* at 3.

**6.** *Id.* at 4.

or partial summary judgment and set the case for trial on the issue of whether the debtor had omitted listing his wife as a partner in his construction business with the intent to defraud.

\* \* \* \* \* \*

■■■ The sole issue which confronts us in this action is whether the defendant, by failing to list his wife as a partner in his construction business, intended to hinder, delay or defraud the trustee and/or his creditors by concealing assets of the estate.[7] All other elements of a section 727(a)(2) complaint have been satisfied. As always, the plaintiff has the burden of proving his objection to discharge.[8] In addition, the provisions relating to discharge are to be liberally construed in favor of the debtor and strictly against the objecting party.[9]

The debtor in this action has attempted to explain his failure to list his wife as his business partner in two different ways: (1) the debtor claims that he had no knowledge that any court had ever held his wife to be a partner in his business; and (2) that he totally relied on his attorney to file his bankruptcy petition and assumed that he had properly included all the relevant information which was required by the Bankruptcy Code. As to the debtor's first contention, we find it to be incredible. Three separate courts [10] have found that the debtor's wife was in fact a partner in the debtor's business. We will not entertain the claim by the debtor that he was totally unaware of the results of three important legal proceedings to which he was a party.

■■■ The debtor's second explanation, that he relied exclusively on his attorney to correctly prepare his bankruptcy petition, is equally without merit. At the hearing on this action the debtor repeatedly blamed his former lawyer for any deficiencies· in his bankruptcy schedules, as well as for a host of other legal woes totally unrelated to the present proceeding. All of the debtor's allegations were totally unsubstantiated. The debtor's former attorney, who successfully petitioned this court to withdraw as counsel for the debtor in January of 1985, was not present to defend himself against these charges. As a general rule, our court will presume the competence of those attorneys who practice before it until shown convincing evidence to the contrary. As we indicated earlier, we do not find the debtor's unsupported charges to be credible evidence of either neglect or negligence on the part of his former counsel, a member in good standing before this court.

■■■ In summary, we note that the Department of Labor, aided in no small part by the trustee, has established the debtor concealed the fact that his wife was a partner in his construction business, with the intent to hinder, delay and/or defraud the trustee and creditors of his construction business. The debtor's "explanations" of why he failed to name his wife as a partner in his business do not refute the clear evidence of his fraudulent intent. The debtor's failure to list his wife as partner concealed from the trustee a possible source of funds which he could have used to satisfy the debtor's obligations to his unsecured creditors. We therefore deny the debtor a discharge under the provisions of section 727(a)(2) of the Bankruptcy Code.

A separate order reflecting these findings shall be entered on this date.

7. See *In re Hargis*, 44 B.R. 225 (Bkrtcy.W.D.Ky. 1984). It is a general principle of Bankruptcy Law that complete disclosure of the debtor's financial affairs is a prerequisite to obtaining a discharge in bankruptcy. *In re Milano*, 35 B.R. 89 (Bkrtcy.S.D.N.Y.1983); *In re Silverman*, 10 B.R. 727 (Bkrtcy.S.D.N.Y.1981).

8. *In re Martin*, 698 F.2d 883, 887 (7th Cir.1983).

9. *In re Newman*, 126 F.2d 336 (6th Cir.1942).

10. In order of findings, the Warren Circuit Court; The Kentucky Supreme Court; and The United States District Court for the Western District of Kentucky.