**In re Michael F. ERDHEIM, Debtor.**

**Andrew M. THALER, Trustee, Estate of Michael F. Erdheim, Plaintiff,**

**v.**

**Michael F. ERDHEIM, Defendant.**

**Bankruptcy No. 893–83360–478.
Adv. No. 895–8089.**

United States Bankruptcy Court,
E.D. New York.

June 12, 1996.

Goldman, Horowitz & Cherno by Andrew Thaler, Mineola, New York, for Trustee/Plaintiff.

Michael F. Erdheim, Ossining, New York, Pro Se.

DOROTHY EISENBERG, Bankruptcy Judge.

This matter is before the Court pursuant to an adversary proceeding filed by Andrew Thaler, Esq., the Chapter 7 Trustee (the "Trustee" or the "Plaintiff") against Michael Erdheim (the "Debtor" or the "Defendant"), seeking to bar the Debtor's discharge under, *inter alia*, 11 U.S.C. sections 727(a)(4)(D), (a)(3) and (a)(5). The Debtor has moved to dismiss certain of the causes of action, and has requested other related relief against the Trustee and against the law firm of Goldman, Horowitz and Cherno (the "Goldman Firm"), which was retained by the Trustee in this case. The Trustee has cross-moved for summary judgment as to each cause of action in the complaint, including the second cause of action under section 727(a)(4)(D) for the Debtor's knowing and fraudulent withholding of records and information from the Trustee; the third cause of action under section 727(a)(3) for the Debtor's failure to satisfactorily explain the absence of financial information; and the fifth cause of action under section 727(a)(5) for the Debtor's failure to explain the loss or deficiency of assets to meet the Debtor's obligations.

Based on the pleadings, memoranda and exhibits filed, the Court grants the Trustee's cross-motion for summary judgment as to the above causes of action (*i.e.* §§ 727(a)(3), (a)(4)(d) and (a)(5)), and dismisses any counterclaims and cross-claims against the Goldman Firm, as the Goldman Firm was not properly added as a party to this case. The remaining counterclaims and cross-claims against the Trustee are hereby severed for a hearing and decision at a later date.

## BACKGROUND

Prior to the filing of this petition, the Defendant was a successful attorney, with a lucrative practice in the area of domestic relations. The majority of his cases consisted of separation, divorce, and alimony matters. On June 14, 1993, the Defendant filed a voluntary Petition under Chapter 11 of the Bankruptcy Code (hereinafter the "Code"), hoping to reorganize. In his Petition, the Defendant listed assets of $4,148,930 and debts totaling $3,504,581.64. All of the assets listed were encumbered to some extent by various liens and mortgages. The case was thereafter converted to a case under Chapter 7 on November 24, 1993 pursuant to a motion made by the Office of the United States Trustee. The Plaintiff was appointed as the Chapter 7 Trustee and on January 7, 1994, the Plaintiff was authorized by this Court to retain the Goldman Firm as counsel. As acknowledged in the retention order, the Plaintiff is a partner at the Goldman Firm, and the Plaintiff routinely requests the retention of the Goldman Firm as his counsel where appropriate. Neither the U.S. Trustee nor this Court found any conflict of interest or any interest adverse to this estate at the time of retention, or at any time subsequent thereto.

On January 28, 1994, after the Defendant's case was converted, the Defendant was convicted by the New York Supreme Court of grand larceny, forgery, offering of a false instrument and perjury, in connection with certain acts committed against certain of his former clients. Each of the enumerated crimes were committed pre-petition. (*See* Plaintiff's Exhibits G and H, respectively). The convictions are based primarily upon the Debtor's theft of hundreds of thousands of dollars from his clients. In addition to receiving a jail term for his criminal acts, the Debtor was directed to make restitution to several individuals in an amount in excess of $600,000.00. These are all pre-petition claimants. Currently, the Debtor is incarcerated in the Ossining Correctional Facility located in Ossining, New York. The Trustee filed a complaint with the Court on February 15, 1995 (the "Complaint"), containing allegations under various sections of the Code.

The Complaint contains the following allegations:

1. The Debtor refused to obey the Court's order directing the Debtor to turn over a 1988 Mercedes SEL (the "Vehicle") which the Debtor had leased, in violation of § 727(a)(6)(A) of the Code;

2. The Debtor knowingly and fraudulently withheld records and information, including books, documents, records and papers, relating to the Debtor's property and financial affairs, in violation of § 727(a)(4)(D) of the Code;

3. The Debtor failed to satisfactorily explain the absence of financial information in violation of § 727(a)(3) of the Code;

4. The Debtor failed to provide a complete answer to Item "10" of the Statement of Financial Affairs, regarding the debt owed to the Debtor's mother in the amount of $260,000 in violation of § 727(a)(4)(A) of the Code; and

5. The Debtor failed to satisfactorily explain loss or deficiency of assets to meet the Debtor's liabilities in violation of § 727(a)(5) of the Code.

The Defendant's answer (the "Answer") denies any violation of the Code sections set out in the Complaint. In addition, the Answer asserts four affirmative defenses:

1. That the purported allegations fail to set forth a cause of action;

2. That at all times the Defendant vehemently objected to the involuntary conversion of the Chapter 11 proceedings to a Chapter 7 proceeding;

3. That the Trustee failed to fulfill his obligations to the detriment of the Debtor's estate; and

4. That the instant proceeding constitutes a frivolous suit.

The Answer also asserts three counterclaims:

1. That the Trustee has failed to return to the Defendant escrow money in the sum of $1,000.00 related to an agreement between the Debtor and the Trustee to purchase the Vehicle from the estate as well as the $2,400.00 statutory automobile exemption to

which the Defendant claims entitlement as a result of the Trustee's sale of the Vehicle;

2. That the Trustee has failed to recover certain property and to preserve assets of the estate; and

3. That the Trustee and the Goldman Firm should be disqualified due to a conflict of interest that arises as a result of that relationship.[1]

In addition, the Defendant asserts that the Goldman Firm failed to properly pursue litigation in an attempt to recover outstanding receivables belonging to the estate. The Defendant cross-claims and requests:

1. Discharge of the Trustee and the Goldman Firm;

2. Judgment in favor of the Defendant in the sum of $3,400.00 on the first counterclaim together with interest thereon;

3. Judgment in favor of the estate against the Trustee in the amount of damages ascertained by reason of his failure and breach of duties, obligations and responsibilities;·

4. An Order directing the Trustee to file an interim report and account for all monies and assets received; and

5. Judgment against the Goldman Firm in the amount of damages ascertained by reason of the Goldman Firm's failure to prosecute said litigation and/or collect said claims, judgments and assets.

On April 4, 1995, the Trustee, by the Goldman Firm, filed a reply with the Court (the "Reply"), which addresses the counterclaim against the Trustee, as well as the cross-complaint against the Goldman Firm.

On February 8, 1996, the Defendant filed a motion with this Court for various forms of relief, including a request for summary judgment in favor of the Defendant as against the Plaintiff on the first counterclaim of the Answer (turnover of the $1,000 in connection with the Vehicle) and the first and fourth causes of action of the Complaint regarding the Debtor's refusal to turnover the Vehicle and his failure to list a debt owed to the Debtor's mother, respectively.

The Debtor also requests, in the alternative, dismissal of the fifth cause of action regarding the Debtor's failure to satisfactorily explain loss of assets, and requests that the Court disqualify the Goldman Firm from representing the Plaintiff at trial.

On March 12, 1996, the Plaintiff filed a reply in opposition to the Debtor's motion and cross-moved for summary judgment: (a) dismissing Defendant's counterclaims and cross claims; and (b) denying the Debtor's discharge under the first, second, third, fourth and fifth causes of action. In the alternative, the Plaintiff requested that the counterclaims and cross-claims be severed from this matter.

In order to expedite matters, the Court shall sever the counterclaims and cross-claims made by the Debtor, except where noted herein, and shall focus on the Trustee's motion for summary judgment as to the second, third and fifth causes of action, which are dispositive on the issue of the Debtor's entitlement to a discharge. The following is a recitation of the facts relevant to these causes of action.

### FACTS

The Trustee, in performing his duties in connection with the administration of the Debtor's case, requested numerous financial documents from the Debtor. Specifically, the Debtor was requested to turn over the following documents. The Trustee requested the Debtor's business and personal tax returns for the years 1990 through 1993. The Debtor failed to turn over to the Trustee said personal and business tax returns.

By letter dated December 3, 1993, the Debtor was directed to produce both personal and business bank statements for the last two years (*i.e.* 1991 and 1992) and for any other accounts held in the name of or on behalf of the Debtor. The Debtor failed to turn over these accounts to the Trustee.

Via several letters forwarded throughout the Spring and Summer of 1994, the Debtor was directed by the Trustee to produce bank statements (including bank statements, can-

---

1. Although the Debtor asserts counterclaims and cross claims against the Goldman Firm, he failed to have the Goldman Firm properly added as a party to this action.

celed checks and deposit slips) for the two years preceding the filing of the Petition. (Plaintiff's Exhibit D, Nos. 36, 46, 48 and 54) The Debtor failed to turn over these records to the Trustee. The Debtor never turned over his life insurance policies to the Trustee, although requested to do so by letter dated December 3, 1993. (Plaintiff's Exhibit D, No. 67) In addition, pursuant to the letter dated December 3, 1993, the Debtor was requested to turn over documentation regarding loans to the Debtor from Jeffrey and Michael Erdheim who are, upon information and belief, third cousins of the Debtor.

The Debtor never provided the Trustee with an affidavit in accordance with Bankruptcy Rule 1019, setting forth all Chapter 11 administrative debts incurred during the Chapter 11 period from June 14, 1993 through November 24, 1993, although requested to do so by letter dated December 3, 1993. The Debtor failed to produce financial statements, tax returns or other documents concerning the Debtor's interest in Beckley Associates, Inc. or Boca Raton Hotel & Resorts, although requested to do so by letter dated December 3, 1993. Further, the Debtor never provided the Trustee with copies of homeowners insurance policies, including any floaters and riders. Despite numerous requests, the Debtor never provided the Trustee with details of all interests in deferred compensation and retirement plans and accounts or with all notices concerning federal tax liabilities.

A multitude of letters and correspondence crossed between the Trustee and the Debtor (Plaintiff's Exhibit D), demonstrating the lengths to which the Trustee went to obtain information from the Debtor. The Debtor has provided no evidence that all of the requested documents were turned over, nor has the Debtor provided any rational basis to the Court for his failure to cooperate with the Trustee's efforts to marshall the assets of this estate. The Debtor's only defense amounts to a claim in his affidavit that he in fact turned over some of the documents in question. The Debtor has provided no documentary evidence to support this assertion. It is clear from the avalanche of correspondence produced by the Trustee that the Trustee was hindered at every turn from performing his duties as required by Section 704 of the Code. In fact, the Court is hard pressed to recall a Chapter 7 case where a debtor was more derelict in his duty to provide the Chapter 7 Trustee with financial information. The vast majority of documents turned over appear to be portions of legal case files in connection with receivables alleged to be owed to him from former clients.

Except for a few relevant documents which were produced by the Debtor, the Trustee was required to subpoena banks, accountants, the District Attorney's Office and other entities in order to obtain the financial information necessary to investigate the Debtor's finances. As a result, the Trustee relied on subpoenaed records in various proceedings brought in this Court.

### DISCUSSION

At the outset, the Court notes that the Debtor's pleadings are rife with procedural infirmities and contain a multitude of extraneous and unresponsive allegations. In regard to his cross-motion made in this adversary proceeding seeking to bar his discharge, the Debtor's most critical transgression is his failure to properly add the Goldman Firm as an additional party as required by F.R.C.P. 13(h), 14, 19 and 20 made applicable by the Bankruptcy Rules. Therefore, any motions and allegations against the Goldman Firm shall be stricken from the Debtor's cross-claims, counterclaims and motion to dismiss.

As stated above, the Court shall focus on whether summary judgment is appropriate as to whether the Debtor's discharge should be barred pursuant to the second, third and fifth causes of action.

 The standard for granting summary judgment is clear. In ruling on a motion for summary judgment, the court's function is to determine whether a genuine issue as to any material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate if the evidence offered, including the pleadings and affidavits, demonstrates that there is no genuine issue of any material fact and the moving party is

entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–2511, 91 L.Ed.2d 202 (1986). The initial burden rests upon the moving party to show the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159–161, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970). Only then must the non-moving party come forward with specific facts showing that there is a genuine issue requiring a trial. Fed.R.Civ.P. 56(e). All inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). A party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The court must grant summary judgment where there is no such issue and the movant is entitled to judgment as a matter of substantive law. *Gallo v. Prudential Residential Services, Limited Partnership,* 22 F.3d 1219, 1223–24 (2d Cir.1994); *Hamilton v. Smith,* 773 F.2d 461, 466 (2d Cir.1985). When no rational trier of fact could find in favor of the non-moving party because the evidence to support its case is so slight, there is no genuine issue of material fact requiring a trial and a grant of summary judgment is proper. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 288, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). The Court's task at this stage of the litigation is issue finding, not issue resolution. *Gallo,* 22 F.3d at 1224. Once a movant has established a *prima facie* case for summary judgment, the non-movant with the burden of proof (*i.e.* the Debtor) has the burden of responding to the motion by affidavit or other appropriate evidence. *Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 526 (2d Cir.1994). The evidence offered to raise a genuine issue of material fact must be competent, in the form of an affidavit or other evidentiary material. *Id.*

In this case, the Debtor does not raise any material issues of fact as to the issues raised in the complaint in regard to the matter of whether he should be denied a discharge. There are no genuine issues of material fact which would preclude this Court from finding that summary judgment is appropriate as to the second, third and fifth causes of action.

In the Plaintiff's second cause of action, the Plaintiff alleges that the Debtor knowingly and fraudulently withheld records and information, including books, documents, records and papers, relating to the Debtor's property and financial affairs, in violation of § 727(a)(4)(D) of the Code.

11 U.S.C. § 727(a)(4)(D) provides:

(a) The court shall grant the debtor a discharge, unless . . .

 (4) the debtor knowingly and fraudulently, in or in connection with the case . . .

 (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records and papers, relating to the Debtor's property or financial affairs.

■ It is undisputed that the Debtor is under an affirmative duty to cooperate with the Trustee by providing all requested documents to the Trustee for his review, and failure to do so constitutes grounds for denial of discharge. *In re Robson,* 154 B.R. 536, 540 (Bankr.E.D.Ark.1993), *citing Wortman v. Ridley,* 115 B.R. 731, 737 (Bankr.D.Mass. 1990). Bankruptcy Rule 4002(4) also provides that:

In addition to performing other duties provided by the Code and the Rules, the Debtor shall:

 (4) cooperate with the trustee in the preparation of an inventory, the examination of proofs of claim, and the administration of the estate.

■ It is clear in this case that the Debtor has utterly failed to assist the Trustee in the performance of his duties. In fact, the Trustee was constrained, at the cost and expense of the estate, to seek information from third parties through subpoenas for documents which the Debtor had available to him. The Debtor claims that he turned over

the requested documents or that certain documents were at his Watermill Property, but fails to produce one scintilla of evidence to support his allegations. Instead, the Debtor's papers repeatedly focus on the documents concerning collection of accounts receivable and the Trustee's alleged failure to prosecute these claims.

The unrebutted evidence produced by the Trustee demonstrates the Trustee's repeated attempts to obtain the necessary records from the Debtor to administer the case. Each request fell on deaf ears, and any written response the Debtor mustered focused almost solely on the collection of accounts receivable. The Debtor's statements in his affidavit that he produced some of the records, without more in the way of evidentiary support, is insufficient to overcome the Trustee's cross-motion for summary judgment. Therefore, the Trustee's cross-motion as to the second cause of action pursuant to § 727(a)(4)(D) of the Code is granted.

The next cause of action upon which the Trustee seeks summary judgment is the third cause of action; the alleged failure by the Debtor to satisfactorily explain absence of financial information in violation of § 727(a)(3) of the Code.

Section 727(a)(3) of the Code states, in relevant part, as follows:

(a) the Court shall grant the debtor a discharge, unless . . .

(3) the debtor has concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information, including books, documents, records and papers from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

■ As this Court has stated in *In re Artura*, 165 B.R. 12 (Bankr.E.D.N.Y.1994): "[t]he purpose of § 727(a)(3) is to give a creditor and the Bankruptcy Court complete and accurate information concerning the status of the debtor's affairs and to test the completeness of the disclosure requisite to a discharge." (Other citations omitted). Intent to conceal the Debtor's financial condi-

tion is not a necessary element to support an objection to discharge for failure to keep books and records. *See In re Underhill*, 82 F.2d 258, 259 (2d Cir.1936), *cert. denied* 299 U.S. 546, 57 S.Ct. 9, 81 L.Ed. 402 (1936).

■ In order to obtain a discharge under Chapter 7, it is imperative that the Debtor keep adequate books and records from which the Debtor's financial statements and business dealings can be ascertained. *See In re Bujak*, 86 B.R. 30 (Bankr.W.D.N.Y.1988); *In re Milano*, 35 B.R. 89 (Bankr.S.D.N.Y.1983); and *In re Switzer*, 55 B.R. 991 (Bankr. S.D.N.Y.1986).

As stated by Judge Schwartzberg in *In re Delancey*, 58 B.R. 762, 767–768 (Bankr. S.D.N.Y.1986):

While the ultimate burden of persuasion [of proving his objection to the debtor's discharge] is placed upon the plaintiff, once the plaintiff has satisfied its burden of going forward with the evidence by showing that the debtor does not have sufficient records or documents from which the debtor's financial condition may be ascertained satisfactorily, the burden of producing additional credible evidence to rebut the proof of insufficient records, or to justify the absence of records shifts to the debtor. (Other citations omitted).

In reviewing an objection to a discharge based on the debtor's obligation to keep books or records that will explain the debtor's financial condition, the court must be mindful of the debtor's obligation in a bankruptcy case to reveal, rather than conceal, the complete financial picture. Complete disclosure is the touchstone.

■ It is clear from the record that the Debtor has a certain degree of sophistication which would impose upon him the requirement of keeping his records in some degree of order. This Debtor, who was a financially successful attorney, clearly understood the importance of keeping financial documents and should have maintained such. However, the Debtor's inexplicable failure to produce the documents to the Trustee leads the Court to believe that the Debtor's failure to preserve the requisite documents is either an attempt to conceal evidence as to his assets

and liabilities, or reflects gross negligence so as to warrant barring the Debtor's discharge. In this case, the Trustee has clearly set forth his attempt to obtain the records and documents, which the Debtor should have had available to him. The documents were in the Debtor's custody, possession or control, and should have been produced. The Debtor has wholly failed to meet his burden to withstand the motion for summary judgment by his failure to produce any credible evidence to rebut the Trustee's allegations, or to justify the absence of records. The Debtor's only response is to harp on the Trustee's failure to conduct discovery against third parties in this case, without addressing the Trustee's repeated requests for production of certain documents. The Debtor merely denies the allegations but raises no genuine issue of fact.

It is painfully clear to this Court that the Debtor has failed to either maintain records or is concealing records for his benefit. Therefore, the Trustee's cross motion for summary judgment as to the third cause of action is granted.

 The last and final cause of action under which the Court denies the Debtor's discharge is § 727(a)(5) of the Code. Under the fifth cause of action, the Trustee has alleged that the Debtor has failed to satisfactorily explain lack or deficiency of assets to meet the Debtor's liabilities. In addition, the Debtor has moved to dismiss this cause of action as a matter of law on the grounds that the Trustee did not appear to have a copy of the Debtor's conviction at the time the Complaint was filed, and that the Trustee's allegations were based on his understanding of the conviction as described in an issue of the New York Law Journal. Further, according to the Debtor, the monetary amount stolen was incorrectly set forth in the Complaint at $1 million, and the number of clients from whom the money was stolen was incorrectly set forth in the Complaint at twenty. The Debtor also represents that the moneys were fully accounted for in his tax returns five years prior to the Petition, but fails to produce any tax returns or any documentary evidence to support his claims.

Section 727(a)(5) of the Code provides:

> (a) The court shall grant the debtor a discharge unless . . .
>
> (5) the debtor has failed to explain satisfactorily, before determination of the denial of discharge under this paragraph, any loss or deficiency of assets to meet the debtor's liability.

In this instance, the Debtor's satisfactory explanation of a loss of assets or deficiency of assets to meet the debtor's liabilities requires "much more in the way of explanation than vague generalities." *In re Delancey,* 58 B.R. 762, 769 (Bankr.S.D.N.Y.1986); *citing Sperling v. Cudahy Packing Co. (In re Sperling),* 72 F.2d 259, 261 (2d Cir.1934); *see also Federal Deposit Insurance Corporation v. Hendren (In re Hendren),* 51 B.R. 781, 786–789 (Bankr.E.D.Tenn.1985).

As stated by Judge Schwartzberg in *In re Delancey,* 58 B.R. at 769:

> They (the creditors) should not be required to take the debtor's word that he no longer has the property or the cash. The debtor's failure to offer any documentary corroboration as to the loss or disposition of these assets requires the denial of his discharge pursuant to 11 U.S.C. § 727(a)(5).

In this instance, the Debtor was ordered to make restitution to several individuals totaling in excess of $600,000 in connection with his criminal conviction. In support of his cross-motion, the Trustee annexes a copy of the Debtor's criminal conviction as Plaintiff's Exhibit G. Any misstatements in the Complaint regarding the amount stolen or the number of clients involved is immaterial. The fact remains that the Debtor was convicted of stealing significant funds from certain clients. This means that he *did* receive such sums. The Debtor has failed to account as to what happened to this money.

By virtue of his failure to turn over books and records, including tax returns, bank statements and canceled checks, the Debtor has failed to satisfactorily explain the disposition of this money which he had received from clients, but which he no longer has. Once again, the Debtor's wholesale refusal to provide any documents to explain the loss of the funds precludes the granting of a discharge. The mere general statement by the

Debtor that he has the documents to substantiate the disposition of the funds without ever providing them to the Trustee or this Court, without more, is not sufficient to overcome the Trustee's allegations. In fact, if he does have any such documents, it would actually support the Trustee's claim that he failed to turn them over to the Trustee, pursuant to his demand and the requirements of the Bankruptcy Code. The Debtor's further protest that the criminal conviction is incorrect and is on appeal is of no matter and raises no genuine issue of material fact. The criminal conviction remains a judgment, which the Court recognizes and to which the Court gives full faith and credit. Clearly, the Debtor had a duty to explain the whereabouts of the funds he did collect to the Trustee and to the Court and has failed to do so, warranting denial of his discharge under § 727(a)(5) of the Code.

Given that the Court has granted the Trustee's motion for summary judgment as to the second, third and fifth causes of action seeking denial of the Debtor's discharge, there is no need to consider whether summary judgment should be granted on the remaining allegations contained in the Complaint.

Any matters remaining with respect to the Defendant's counterclaims and cross claims, as well as any matters remaining with respect to the Debtor's motion which do not apply to the issue of having his discharge shall be severed and considered at a later date.

### CONCLUSION

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1334. This adversary proceeding is a core proceeding in accordance with 28 U.S.C. Section 157(b)(2)(j).

2. Based on the pleadings and documents produced, the Court finds that the Debtor has knowingly and fraudulently withheld from the Trustee books and records relating to the Debtor's property and financial affairs. The Debtor has failed to raise any genuine issue of material fact which would preclude the Court from granting the Trustee's cross-motion as to the second cause of action.

Therefore, the Trustee's cross-motion for summary judgment as to the second cause of action under Section 727(a)(4)(D) of the Code is granted.

Likewise, the Debtor has concealed and/or destroyed recorded information from which the Debtor's financial condition or business transactions might be ascertained, and the Trustee's cross-motion for summary judgment as to the third cause of action under Section 727(a)(3) of the Code is granted.

The Debtor has also failed to explain satisfactorily the loss of the funds stolen from various clients pre-petition, in violation of Section 727(a)(5) of the Code. Therefore, the Trustee's cross-motion as to the fifth cause of action is granted.

Based on the Debtor's failure to properly add the Goldman Firm as a party to this adversary proceeding, all cross-claims and counterclaims asserted against the Goldman Firm shall be dismissed. The remainder of the Debtor's motion shall be severed and heard at a later date. Settle an Order in accordance with this decision.