In re Knoxie HALL, Jr.

Richard RAMSAY, Trustee, Plaintiff,

v.

Knoxie HALL, Jr., Defendant.

Bankruptcy No. 97–40680 S.
Adversary No. 97–4175.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Nov. 21, 1997.

Richard Ramsay, Little · Rock, AR, for Plaintiff.

Knoxie Hall, Little Rock, AR, for Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the trial of the adversary proceeding objecting to the discharge of the debtor for transferring property of the debtor, 11 U.S.C. § 727(a)(2), concealing or destroying books and records, 11 U.S.C. § 727(a)(3), for failing to cooperate with the trustee, *i.e.*, withholding information from an officer of the estate, 11 U.S.C. § 727(a)(4)(D), and failing to explain loss of assets, 11 U.S.C. § 727(a)(5).[1]

The debtor, pro se, filed this case under Chapter 13 on February 18, 1997. The case was converted to a Chapter 7 case on March 28, 1997, after which the Chapter 7 trustee was twice forced to reschedule the first meeting of creditors, 11 U.S.C. § 341(a). The debtor failed to appear at the first scheduled meeting. Although the debtor did appear at the second meeting, he had neither completed his schedules nor produced documents requested by the trustee. The debtor failed to appear at the third schedule meeting, requiring the Court to issue an Order directing the debtor to appear and complete his schedules. It was not until June 23, 1997, a week after the Court issued an order for the U.S. Marshal to apprehend the debtor, and four months after the filing of the case, that the debtor provided any information to the trustee.

The debtor is obligated to submit to examination as ordered by the Court, 11 U.S.C. § 341(a), Fed.R.Bankr.P. 4002(1), cooperate with the trustee who is an officer of the estate, 11 U.S.C. § 521(3); Fed.R.Bankr. Proc. 4002(4), and to surrender his books and records to the trustee, 11 U.S.C. § 521(4). *See generally Thaler v. Erdheim (In re Erdheim)*, 197 B.R. 23, 28 (Bankr.E.D.N.Y. 1996). To enforce these provisions, the Bankruptcy Code provides for denial of discharge based upon the failure to produce books and records:

Section 727(a), provides as follows:

The court shall grant the debtor a discharge, unless,

(2) the debtor, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of petition; or

(B) property of the estate, after the date of the filing of the petition;

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.***

11 U.S.C. § 727(a)(2), (3), (4)(D), (5). *See generally Thaler v. Erdheim (In re Erdheim)*, 197 B.R. 23, 28 (Bankr.E.D.N.Y. 1996); *Ramsay v. Jones (In re Jones)*, 175 B.R. 994 (Bankr.E.D.Ark.1994).

In proving the elements of fraudulent intent under these provisions requires

---

1. The complaint also alleged failing to obey lawful orders of court, 11 U.S.C. § 727(a)(6)(A), and committing the described acts in connection with his wife's separate bankruptcy case, 11 U.S.C. § 727(a)(7).

the Court to find actual intent as a matter of fact from the evidence presented. *See In re Graham (Ray v. Graham),* 111 B.R. 801, 805 (Bankr.E.D.Ark.1990). Fraud may be established by circumstantial evidence because direct proof of the debtor's intent is rarely available. "Once the creditor introduces circumstantial evidence proving the debtor's intent to deceive, the debtor 'cannot overcome [that] inference with an unsupported assertion of honest intent.'" *In re Van Horne,* 823 F.2d 1285, 1287 (8th Cir.1987). In determining a party's intent, the Court must look to all of the circumstances to determine if the evidence suggests that the debtor harbored the necessary intent. The Court may then draw an inference from this evidence. *In re Van Horne,* 823 F.2d 1285, 1287 (8th Cir. 1987); *Owens v. United States,* 98 F.Supp. 621 (W.D.Ark.1951), *aff'd,* 197 F.2d 450 (8th Cir.1952).

The evidence was uncontroverted that the debtor failed to comply with his obligations under the Bankruptcy Code. The debtor not only failed to submit information and documents on his personal finances, he failed to produce any of his business records, asserting that they were in the hands of a business associate. Although he vaguely asserted that he may have made one or two phone calls to retrieve the documents, he had not received them. A mere phone call, perhaps two, even if they were in fact made, is insufficient to comply with the duties imposed upon debtors under the Bankruptcy Code.[2] The debtor knew the location of his books and records, yet, despite repeated requests by the trustee, failed to take adequate steps to obtain those documents and surrender them to the trustee. There was no evidence that the person or entity holding the documents refused to return the documents. Rather, the evidence of the debtor was that he simply failed to retrieve and surrender the documents.

The debtor's combative and untruthful demeanor combined with his demonstrably obstreperous behavior throughout this case evidence his fraudulent intent. The

**2.** The debtor's testimony in this regard was vague. Indeed, the question posed to the debtor as to what efforts he took to obtain the documents had to be repeated several times before he

debtor continually ignored the trustee's requests for documents, unreasonably delayed filing his schedules, failed to appear for examination, offered unbelievable responses to the trustee's inquiries regarding his personal finances and continually stalled in responding to the trustee's inquiries. The Court specifically finds the debtor's assertion that he did not understand or remember the trustee's various requests for documents incredible. The debtor's pattern of deliberate delay and abdication of responsibility overwhelmingly evidence this debtor's knowing failure and fraudulent intent in failing to surrender documents to the trustee. Accordingly, it is

**ORDERED** that judgment will be entered in favor of the plaintiff trustee denying the debtor's discharge.

**IT IS SO ORDERED.**

responded. In any event, the Court does not believe that he made *any* effort to obtain the documents, much less surrender them to the trustee.