In re John M. GANGEMI, Debtor.

Kent Helms and Thomas Helms, Jr., Plaintiffs,

v.

John M. Gangemi, Defendant.

Bankruptcy No. 00–81969–478.
No. 02–CV–2150 (JS).

United States District Court,
E.D. New York.

April 1, 2003.

Harold D. Jones, Esq., Jaspan Schlesinger Hoffman LLP, Garden City, NY, for John Gangemi.

Bruce D. Johnson, Esq., Johnson & Associates, New York City, for Kent Helms and Thomas Helms, Jr.

Richard L. Stern, Esq., Macco, Hackling & Stern, Huntington, NY, for Richard L. Stern.

## MEMORANDUM AND DECISION

SEYBERT, District Judge.

Pending before this Court is an appeal arising from a Chapter 7 bankruptcy ac-

tion filed in the United States Bankruptcy Court for the Eastern District of New York by Debtor John M. Gangemi ("Debtor"). Appellees, Kent Helms and Thomas Helms, Jr. filed an adversary proceeding against Debtor, seeking a declaration that the Debtor was not entitled to a discharge under § 727 of the Bankruptcy Code. Debtor appeals from that portion of the Order of the Honorable Dorothy Eisenberg, U.S.B.J., dated March 5, 2002, which granted the Appellees' motion for summary judgment and declared that the Debtor was not entitled to a discharge under § 727 of the Bankruptcy Code.

BACKGROUND

Debtor formed Professional Patient Management, Inc. ("Patient"), a New York corporation, in 1993. Patient is a management company for medical professional corporations. Debtor owns two-thirds of the outstanding shares of Patient and the remaining one-third is owned by Appellee Kent Helms. Debtor also manages and controls Paramount Medical, P.C. ("Paramount"), a New York medical professional corporation formed in 1994. In 1995, Debtor formed Professional Rehabilitation Management, Inc. ("Rehabilitation"). Debtor activated Rehabilitation in 1996, he is the sole shareholder of the company. In 1996, Debtor formed Paramount Medical and Diagnostic Service, P.C. ("Diagnostic"), a New York medical professional corporation, he is the sole shareholder.

During 1994 and 1995, Appellees personally guaranteed two leases that Paramount entered into with Vanguard Financial Service Corp. During 1995, Appellee Kent Helms personally guaranteed bank loans and lines of credit that Patient and Paramount obtained from European American Bank ("EAB"). Patient suffered financial difficulties and the business relationship between Debtor and Appellee Kent Helms deteriorated. Appellee Kent Helms alleges that during 1996, he was wrongfully ousted from the management of, and from his employment by, Patient as a result of the actions of the Debtor.

On July 19, 1996, Appellee Kent Helms commenced an action against Debtor in New York County Supreme Court. The action, brought on behalf of himself, Patient and Patient shareholders, alleged that Debtor had willfully and maliciously caused injury to Appellees. The Complaint contains allegations that Debtor embezzled funds from Patient. On March 31, 1997, Debtor commenced a third-party action against Appellee Thomas Helms, Jr.

On September 2, 1997, the state court issued an order appointing a temporary receiver to preserve the assets and to carry on the business of Patient and Paramount. The Debtor was directed to account for all monies, assets, facilities and property of Patient and to pay to Patient any funds that had been transferred to Paramount. A constructive trust was imposed on any entity formed or controlled by Debtor with respect to all payments received by Paramount and all corporate opportunities of Patient. The Debtor was enjoined from transferring any assets of Patient and Rehabilitation to any entities formed by him.

On January 27, 1998, as a result of Debtor's failure to comply with various court orders to produce documents, the state court struck Debtor's pleadings and entered judgment against him in both of the state court actions. On March 7, 2000 and March 21, 2000, judgment was entered in favor of Appellee Kent Helms in the amount of $1,380,777.60 and in favor of Appellee Thomas Helms, Jr. in the amount of $120,630.12. Both judgments remain due, together with interest and costs.

Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 31, 2000. On June 12, 2000, Appel-

lees filed a Complaint, instituting an adversary proceeding objecting to the Debtor's request for a Chapter 7 discharge.

Within one year of filing the Bankruptcy petition, Debtor made a number of asset transfers, seemingly in violation of the state court injunction. Debtor wrote checks in excess of $84,400 to his wife from the account of Diagnostic and from his personal account. Debtor gave his wife a gift of $9,900 on May 24, 1999. The Debtor wrote checks in excess of $18,000 to himself from the account of Diagnostic. Debtor also wrote checks totaling $67,200 to Ideas & Solutions, a corporation wholly owned by his wife, from the account of Diagnostic. Debtor alleges that the payments to Ideas & Solutions and to his wife from the Diagnostic account were proper compensation for services rendered.

Appellees moved for summary judgment in the adversary proceeding, alleging that Debtor had failed to produce any documentary evidence to account for his financial situation. On March 5, 2002, after hearing oral argument on the motion, the Bankruptcy Court issued an Order, granting summary judgment in favor of the Appellees and denying Debtor a discharge in the Chapter 7 case.

*STANDARD OF APPELLATE REVIEW*

■ Under Rule 8013 of the Federal Rules of Bankruptcy, "on an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED R. BANK. P. 8013. The court's "finding[s] of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous ...." *Id.; see also In re Momentum Mfg. Corp.,* 25 F.3d 1132, 1136 (2d Cir.1994); *In re PCH Assoc.,* 949 F.2d 585, 597 (2d Cir.1991). The bankruptcy court's legal conclusions are evaluated *de novo. See In re Momentum Mfg. Corp.,* 25 F.3d at 1136.

*DISCUSSION*

A court may properly grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of proof is on the moving party to show that there is no genuine issue of material fact, *Gallo v. Prudential Residential Servs., L.P.,* 22 F.3d 1219, 1223 (2d Cir.1994) (citing *Heyman v. Commerce & Indus. Ins. Co.,* 524 F.2d 1317, 1320 (2d Cir.1975)), and "all ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought." *Id.* (citing *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 249 (2d Cir.1985)); *see also Hayes v. New York City Dept. of Corrs.,* 84 F.3d 614, 619 (2d Cir.1996). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citing 10A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2725, at 93–95 (1983)).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505 (quoting *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). Under the law of the Second Circuit, "when no rational jury could find in favor of the nonmoving party because the evidence is so slight, there is no genuine issue of material fact and a

grant of summary judgment is proper." *Gallo*, 22 F.3d at 1224 (citing *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988)). Mere conclusory allegations, speculation or conjecture will not avail a party opposing summary judgment. *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir.1996).

■ " 'The relief of discharge is a cornerstone of the debtor's 'fresh start' in bankruptcy. It enables the debtor to begin his post-bankruptcy life with a clean slate vis-a-vis his creditors.' Such relief, however is a privilege not a right and should inure only to the benefit of the honest Debtor." *In re Pimpinella*, 133 B.R. 694, 697 (Bankr.E.D.N.Y.1991) (internal citations omitted). Section 727(a) of the Bankruptcy Code denies the discharge of a debtor who, for various reasons, has not earned the privilege of discharge. *See* 11 U.S.C. 727(a). Section 727(a) is to be construed in favor of the debtor. *Pimpinella*, 133 B.R. at 697 (citing *In re Shapiro*, 59 B.R. 844, 847 (Bankr.E.D.N.Y.1986) (citing caselaw)).

■ Section 727(a)(3) denies a discharge where "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained ...." 11 U.S.C. 727(a). "The fundamental policy underlying § 727(a)(3) is to insure that the trustee and the creditors receive sufficient information to enable them to trace the debtor's financial history, to ascertain the debtor's financial condition, and to reconstruct the debtor's business transactions." *In re Sethi*, 250 B.R. 831, 837–38 (Bankr. E.D.N.Y.2000) (citing caselaw). If a debtor fails to produce records, sufficient to meet the burden placed upon him by § 727(a)(3), the Court must deny the discharge.

■ "Although the plaintiff has the burden of proving the inadequacy of the debtor's records, it is the debtor who has the obligation of producing financial records in the first place ...." *Id.* at 838 (citing *In re Wolfson*, 139 B.R. 279, 286 (Bankr.S.D.N.Y.1992), *aff'd* 152 B.R. 830 (S.D.N.Y.1993)). "Once the court determines that the records produced by the debtor are insufficient to enable the court, the trustee or the creditors to determine the debtor's financial affairs and business transactions, the burden shifts to the debtor to justify any deficiencies." *Id.* at 838–39 (citing *Wolfson*, 139 B.R. at 285). "The debtor must do more than profess a belief that his records were sufficient or that it was not his practice to keep additional records." *Pimpinella*, 133 B.R. at 698 (citing *In re Delancey*, 58 B.R. 762, 768 (Bankr.S.D.N.Y.1986)). The Court need not find that the debtor intended to conceal his financial conditions in order to deny a discharge under § 727(a)(3). *See In re Erdheim*, 197 B.R. 23, 29 (Bankr. E.D.N.Y.1996).

■ Where a plaintiff raises the inference that a debtor has failed to maintain appropriate records, by asserting that the debtor has failed to produce records in the course of discovery, and the debtor fails to rebut this presumption with the production of documents, summary judgment may properly be granted. *See, e.g., Pimpinella*, 133 B.R. 694 (granting summary judgment on plaintiff's § 727(a)(3) claim where debtor produced documents including bank statements, deposit slips, utility bills, untotalled cash register receipts, cancelled checks and assorted handwritten notations, which the court found to be incomplete, and provided no explanation for the absence of records, other than a vague assertion that the documents had been lost);

*Erdheim,* 197 B.R. 23 (granting summary judgment on plaintiff's § 727(a)(3) claim where debtor failed to produce documents requested by plaintiff; made statements in an affidavit that he had produced some of the documents, without any evidentiary support; and, failed to explain the nonproduction); *Sethi,* 250 B.R. 831 (granting summary judgment on plaintiff's § 727(a)(3) claim where the only records produced by debtor were a W–2 form for the year immediately preceding the filing of the bankruptcy petition and tax returns for the 4 years preceding that, which the court found "wholly insufficient . . . to ascertain the debtor's financial condition or pre-petition business transactions" *id.* at 839); *Wolfson,* 152 B.R. 830 (granting summary judgment on plaintiff's § 727(a)(3) claim where the debtor failed to produce documents requested by the plaintiff); *In re Joseph,* 1992 WL 96324 (N.D.N.Y. April 22, 1992) (granting summary judgement on plaintiff's § 727(a)(3) claim where the only documents produced by debtor were check registers which the court found insufficient to reconstruct the debtor's assets, business transactions and financial situation).

■ In the case at hand, the Debtor has failed to produce documents requested of him. The Bankruptcy Court found that the Debtor's response to the document request was incomplete and lacking detail. At oral argument, the Debtor relied upon the following arguments in opposition to summary judgment: (1) that he had in fact produced documents; (2) that failure to produce is not tantamount to failure to maintain and cannot be the basis for granting summary judgment on a § 727(a)(3) claim; (3) and, that he remained "ready, willing and able" to produce the documents. *See* Tr. Oral Argument, App. To Gangemi Brief Ex. H. The Debtor did not produce any documents in opposition to the summary judgment motion.

The Court finds that the Appellees, on their motion for summary judgment, raised an inference that the Debtor had failed to maintain documents by asserting that the Debtor failed to produce any documents. Further, the Court finds that the Debtor failed to rebut the inference, which he was obligated to do in the face of a motion for summary judgment. The Debtor did not produce any documents, his statement that he had produced documents, unsupported by any evidentiary support, is unavailing and his statement that he was ready to produce documents is insufficient. At the summary judgment stage, the Debtor had a duty to produce admissible evidence of an issue of fact in dispute, he failed to do so. The Debtor argues that he was denied an evidentiary hearing and that, as such, summary judgment is inappropriate. The Court rejects that assertion. The Debtor had the opportunity to submit evidence in response to the summary judgment motion, both in submitting papers and at oral argument. The Debtor had sufficient opportunity to produce evidence and failed to do so. Failure to produce admissible evidence at the summary judgment stage is fatal to a case. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Kulak,* 88 F.3d at 71. Accordingly, the Bankruptcy Court properly found, given Debtor's complete failure to produce admissible evidence of a fact in dispute, that summary judgment was appropriate on Appellees claims.

For all of the reasons set forth herein, the Order of the Bankruptcy Court is AFFIRMED and the Debtor's appeal is DIS-

MISSED[1].

SO ORDERED.

1. Although the Bankruptcy Court granted summary judgment in favor of the Appellees pursuant to §§ 727(a)(2) and 727(a)(3), because the § 727(a)(3) claim is dispositive of the issue on this appeal, the Court will not review the § 727(a)(2) claim.